# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

   **Plaintiff**

  v.              Civil Action No.  06-0496 (JGP)

**BARBARA B. FORD,**

   **Defendant**

## O R D E R

  Pending before the Court is **Plaintiff's Application For A Default Judgment With An Award Of Attorneys Fees**, filed pursuant to Federal Rule of Civil Procedure 55(b)(2) [docket no. 6].  The Court has not received defendant's response to plaintiff's motion.  Defendant is not represented by counsel and as such is proceeding <u>pro se</u> in this case.  A decision by the Court regarding plaintiff's pending motion could dispose of the entire case and result in a final judgment.  The Court files this Order to be certain defendant receives adequate notice plaintiff's motion has been filed and plaintiff's motion asks the Court to grant default judgment against defendant and to advise defendant of her legal obligations.

  Civil cases pending before the court are governed by the Federal Rules of Civil Procedure, which are supplemented by the Civil Rules of the United States District Court for the District of Columbia ("Local Civil Rules"), and decisions by the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit").  Local Civil Rule 7(b) permits the Court to treat a motion as conceded if no opposition or response is filed within eleven (11) days of the filing of the original motion.  In <u>Fox v. Strickland</u>, 267 U.S. App. D.C. 84, 837 F.2d 507 (1988),

the D.C. Circuit decided that a district court must explain to a pro se party the nature of a pending motion filed by an adverse party and the consequences of failing to respond to a dispositive motion before granting the motion based on the pro se party's failure to oppose or respond to the motion. When a court issues a decision as to a dispositive motion, that decision could dispose of the entire case and result in a final judgment. Here, plaintiff is asking the Court to issue a decision in favor of plaintiff and against defendant in this case. Although the time for defendant to respond to the motion has passed, the Court will allow defendant until September 4, 2007 to file or submit a response to the Court. Defendant's response should address why a default judgment should not be granted against defendant or why the relief requested by plaintiff should not be granted. If defendant fails to file or submit a response on or before September 4, 2007, the Court will grant plaintiff's motion. If plaintiff's motion is granted, default judgment will be entered against defendant and all that plaintiff is seeking will be granted and thus owed by defendant. Accordingly, it is hereby

**ORDERED** that defendant must respond to plaintiff's motion on or before September 4, 2007, or plaintiff's motion will be treated as conceded and judgment will be entered in favor of the plaintiff and against the defendant.

**DATE: August 22, 2007**                                    **JOHN GARRETT PENN**
                                                              **United States District Judge**